**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10494 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-08161-NVW-1 |
| v. | |
| CHRISTINE LILLIE THINN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

In this criminal action alleging excessive force against an arrestee, police

officer Christine Lillie Thinn appeals her misdemeanor conviction for deprivation

of constitutional rights under color of law in violation of 18 U.S.C. § 242. Thinn

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

challenges two evidentiary rulings.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The admission of lay witness opinion testimony by several percipient police officers did not result in reversible error.  Thinn did not preserve her objection that because the officer testimony was expert in nature it was not properly admitted as lay opinion testimony under Federal Rule of Evidence 701.  An issue raised only in a motion in limine is not preserved for review if the district court's ruling on the motion lacks the necessary definitiveness.  *Scott v. Ross*, 140 F.3d 1275, 1285 (9th Cir. 1998).  Here, the district court denied Thinn's motion in limine without prejudice and stated that it could not decide the issue "out of context of the actual testimony given."  Despite this ruling, defense counsel failed to object to almost all of the officers' testimony at trial, and never argued that the testimony violated Rule 701 because it was improperly based on specialized knowledge or not based on the officers' personal observations.  Accordingly, we review the admission of the officers' testimony for plain error.  *See United States v. Mendoza-Paz*, 286 F.3d 1104, 1113 (9th Cir. 2002).

If we assume Thinn preserved her Rule 701 objections with respect to the limited testimony she objected to, we review its admission for abuse of discretion.  *Id.*  Defense counsel objected to Officer Lane's testimony describing his training,

and Officer Dodson's testimony regarding whether he saw the victim resisting in a way that warranted Thinn's use of force. In context, the district court did not err in admitting this testimony under Rule 701 because the video evidence allowed the jury to assess the extent of, or lack of, the arrestee's resistence. *See United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995). This was not a case where expert testimony was used to assist the jury in calibrating an appropriate response to a resisting arrestee. Moreover, even if the objections had been made in response to testimony that should have been introduced as expert testimony under Federal Rule of Evidence 702, such error was harmless in light of the overwhelming evidence of Thinn's guilt. *See United States v. Freeman*, 498 F.3d 893, 905-06 (9th Cir. 2007).

Finally, the district court did not abuse its discretion by excluding certain evidence regarding the prior bad acts of the victim. *See United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994); Fed. R. Evid. 403, 404(b). The district court properly balanced the probative and prejudicial nature of the testimony and prevented a mini-trial on issues collateral to the case.

**AFFIRMED.**